OPINION
PER CURIAM.
Petitioner Mino-Saldana is a native and citizen of Peru. She entered the United States without inspection on October 2, 1997, and was charged with removability in October 2004. At a hearing before the IJ on February 15, 2006, attorney Marcia S. Kasdan, representing petitioner, indicated that the petitioner’s husband, Hector Pa-quiyauri, was the beneficiary of an approved labor certification.
Partly because of a lack of cooperation by Hector’s attorney, it was not clear at the time of the hearing what petitions had been filed which would allow petitioner to adjust her status as a derivative beneficiary. The IJ continued the hearing to permit the petitioner’s attorney to gather the necessary data.
Without any explanation .for Kasdan’s absence, petitioner was represented at the next hearing on April 25, 2006, by Renta A. Pilny, a lawyer from Kasdan’s office.
Ms. Pilny informed the IJ that, among other things, Hector’s labor certification had been approved; his 1-140 Immigrant Visa Petition For Alien Worker would be filed “[wjithin the next few days[;]” the delay in filing the Form 1-140 was due to Hector’s employer, who had yet to “submit the latest financial record[;]” and that petitioner would be able to adjust her status under 8 U.S.C. § 1255® once Hector, who was “grandfathered by a previous ... marriage to a United States citizen ... in 1994[,]” received his visa.
Ms. Pilny had copies of the approved labor certification and Hector’s proposed Form 1-140, but did not have available evidence of the petitioner’s marriage and the validity of Hector’s grandfathering claim. Ms. Pilny requested a one week continuance to “document all the things” she had said and to research into the grandfathering issue.
The IJ initially indicated that she was inclined to grant a continuance and “adjourn because [she] want[ed] to know whether there[wa]s anyway [petitioner] would, in fact, be eligible to adjust.” The government objected, arguing that the case had been pending for over a year; the matter had been previously continued to allow petitioner to assemble her evidence; neither petitioner nor Hector had any petitions pending; the petitioner’s eligibility to adjust under § 1255® was unknown; and that even with a one week continuance, “the same outcome” would result.
*227 The IJ then stated, “it would really be unjust to the [government] to postpone the case to afford [petitioner] more time.” Subsequently, the IJ summarized the proceedings and faulted petitioner for failing to present sufficient evidence establishing her marriage, Hector’s “approved labor certification or [his] planned [Form] I-140,” and the potential benefit Hector’s possible visa might confer upon petitioner “in the long run.” An order was entered denying the continuance and requiring that petitioner “be removed from the United States.”
The IJ’s lack of enthusiasm in making the order is reflected in her oral decision:
“Although [petitioner] has lived in the United States since 1997, and although there is absolutely nothing to indicate that [petitioner] has been other than law abiding, because she makes no application for relief given the court’s denial of her continuance, the court is left with no option but to take the drastic measure of entering the following decision in the case, that with hopes that, perhaps, the status of this case might change either while ... an appeal is pending before the Board of Immigration Appeals or in some form that this court might even address, if appropriate to do so, in a later motion that [petitioner] might even present.”
Petitioner timely appealed to the BIA. As the IJ correctly anticipated, there were changes before the BIA reached the appeal. Hector’s Form 1-140 was filed on June 9, 2006, and approved on March 26, 2007.
The BIA dismissed the petitioner’s appeal on January 9, 2008. Petitioner now seeks review of her removal order, arguing that the IJ erred in denying the continuance.
An IJ may grant a continuance for good cause. 8 C.F.R. § 1003.29. We review such a ruling for an abuse of discretion and reverse when the IJ’s decision is “arbitrary, irrational or contrary to law.” Tipu v. INS, 20 F.3d 580, 582 (3d Cir.1994) (citation omitted). The issue of “whether the denial of a continuance ... constitutes an abuse of discretion cannot be decided through the application of bright-line rules; it must be resolved on a case by case basis according to the facts and circumstances of each case.” Ponce-Leiva v. Ashcroft, 331 F.3d 369, 377 (3d Cir.2003) (quoting Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988)).
We followed that case specific, fact intensive view in Hashmi v. Attorney General, 531 F.3d 256, 260 (3d Cir.2008) (abuse of discretion where denial of continuance “based solely on concerns about the amount of time required to resolve [the] case”), and in Khan v. Attorney General, 448 F.3d 226, 234 (3d Cir.2006) (no abuse of discretion in denying continuance where the alien’s spouse had not yet received an approved labor certification).
After reviewing the facts and circumstances of this case, we are convinced that the IJ erred in denying the continuance. The petitioner’s eligibility to adjust her status and avoid removal ultimately turned on whether she could establish her marriage to Hector and secondarily on whether he was grandfathered and received a visa. See 8 U.S.C. § 1255(i) (adjustment of status for aliens who were not admitted, inspected, or paroled); see also 8 C.F.R. § 1245.10 (defining a grandfathered alien).
Although the filing of Hector’s Form I-140 had been delayed for reasons beyond the petitioner’s control, Ms. Pilny, who possessed Hector’s approved labor certification and draft Form 1-140, proposed to take action within a very brief time to document the marriage and establish grandfathered status. Nothing in the record indicates that she would not do so, that Hector’s Form 1-140 would not be filed, or *228 that his attempt to obtain a visa was frivolous.
In such a situation, it is puzzling that the government objected to a very brief continuance, particularly in view of the agency’s notorious backlog. The petitioner’s case could have been resolved on the merits within a matter of days with no detriment to the government. If she failed to establish her marriage or Hector’s grandfathered status, petitioner would not be able to adjust on a derivative claim and removal might have been appropriate.
Conversely, had petitioner supplied evidence to support her cause, she would have been much closer to presenting a prima facie case for adjustment even if Hector was delayed in securing a visa under the new numbers effective on October 2008. See Ahmed v. Holder, 569 F.3d 1009, 1015 (9th Cir.2009) (though helpful, an alien “is not required to show prima facie eligibility for adjustment of status to demonstrate ‘good cause’ for a continuance”). The IJ had already revealed her willingness to postpone the case for a brief time and there was no actual prejudice to the government in doing so. See Hashmi, 531 F.3d at 259-262.
We do not condone the conduct of the petitioner’s counsel at the hearing, but the Id’s decision to refuse a short continuance and to direct that petitioner be deported when substantial issues regarding her ability to adjust remained unresolved amounted to a misuse of discretion. See Baires, 856 F.2d at 92-3 (when deciding whether to grant a continuance, an IJ should consider, among other things, “the nature of the evidence and its importance to the alien’s claim ... [as well as] whether the need for the continuance ... is due to unreasonable conduct on the part of the alien”).
We recognize that if we affirm, petitioner may seek to reopen her removal proceedings by arguing that previously unresolved issues have been determined in her favor and that she meets the requirements of § 1255®. See 8 C.F.R. § 1003.2(c)(1) (motions to reopen based on previously unavailable evidence). We see that potential remedy, however, as unnecessary and wasteful to all of the parties involved.
Although the general rule is to review the IJ’s decision on the record then before her, we need not blind ourselves to the fact that Hector’s Form 1-140 was filed and approved and he is now in line to apply for a visa. Reopening the case would bring back to the immigration court the same legal and factual issues that were deflected by the denial of the continuance. Petitioner would still need to demonstrate the sine qua non of her case, ie., the validity of her marriage, and, if that be proved, Hector’s grandfathered status. Nothing in the involved reopening process is preferable to immediately addressing those issues on remand at this point.
Accordingly, after a careful review of the record and the circumstances, we believe it is better to go directly to the heart of the dispute through the grant of a continuance rather than affirming its denial and forcing petitioner to resort to the unnecessary and substantially duplicative administrative process.
The petition for review will be granted, the order of the BIA will be reversed, and the case will be remanded for further proceedings consistent with this Opinion.[1]

. Because we have determined that the IJ abused her discretion and that remand is appropriate, we need not address the petitioner's contention that the IJ's actions also amounted to a denial of due process.